IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00408–PAB–KMT

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-15,

    Defendants.

## ORDER

    This matter is before the court on "Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law." (Doc. No. 5, filed Feb. 16, 2012 [Mot].) In this case, Plaintiff alleges that the John Doe Defendants (hereinafter "Defendants") used BitTorrent technology, which allows "peer-to-peer file sharing," to infringe upon Plaintiff's copyrighted material, namely a motion picture entitled "Rich Girl Part 2." (*See* Doc. No. 1, filed Feb. 15, 2012 [Compl.].) In its Motion, Plaintiff seeks a court order authorizing it to conduct discovery before the parties have conferred pursuant to Fed. R. Civ. P. 26(f) in order to discover Defendants' identities.

    First, as a general rule, the use of "John Doe" or other fictitious names to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citation omitted). However, circumstances arise "where the identity of alleged defendants will

not be known prior to the filing of a complaint." *Id.* (internal citations omitted).  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009).

Plaintiff believes that without this information, it cannot serve Defendants nor pursue this lawsuit.  As such, Plaintiff proposes to serve subpoenas pursuant to Fed. R. Civ. P. 45 on Defendants' Internet Service Providers ("ISPs"), who Plaintiff maintains can use the Defendants' Internet Protocol ("IP") addresses to identify Defendants, as well as any related intermediary ISPs.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f).  *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order."  Fed.R.Civ.P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008).  In this district, courts have permitted such expedited discovery upon a showing of good cause.  *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to ascertain the identities of Defendants. Indeed, this case is similar to *Arista Records*, where the court permitted expedited discovery to identify defendant allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recording using an "online media distribution system." 551 F.Supp. 2d at 3. There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further." *Id.* at 6.

Much like the *Arista Records* defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery. Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovery the identities of Defendants.

Therefore, for the foregoing reasons, it is

**ORDERED** that the "Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to A Rule 26(f) Conference and Incorporated Memorandum of Law" (Doc. No. 5) is **GRANTED IN PART**. Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the Doe Defendants' identities, as set forth herein.

It is further

**ORDERED** that the subpoenas are limited to providing Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address. The subpoenas are limited to the information related to the IP addresses set forth in the exhibit located at (Doc. No. 5-3). Plaintiff shall serve a copy of this Order with the issued subpoenas.

It is further

**ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint (Doc. No. 1).

It is further

**ORDERED** that nothing set forth herein abrogates the protections afforded to Defendants under Fed. R. Civ. P. 45(c).

It is further

**ORDERED** that the Motion is **DENIED** as to the additional relief stated in the proposed order located at (Doc. No. 5-4).

Dated this 27th day of February, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge